YARRUT, Judge.
Plaintiff appeals from the judgment of the city court rej ecting his claim to recover from the Defendant $345.00 with interest, etc., as the cost of repairing his automobile, damaged in a collision, on which Defendant held a chattel mortgage.
Plaintiff bases his claim for recovery on Defendant’s failure to procure collision insurance on the automobile, which he contends was its obligation to procure under the terms of the act of chattel mortgage.
The act of chattel mortgage shows the only premium for which Plaintiff was charged was “credit life” in the amount of $58.17, obviously to insure the payment of the chattel mortgage should Plaintiff die before the mortgage was paid in full.
As required by LSA-R.S. 6:956(E), the act of the sale and chattel mortgage must give the full price of the purchase, and all allowances and charges which, in this instance, were as follows:

*170 Counsel for the Plaintiff quotes the following’ language from the chattel mortgage which he contends was an obligation on the part of Defendant to obtain this insurance:
“ * * * Buyer further agrees to insure said property, with a company acceptable to Seller, said insurance to be for the entire term of this contract and to be for the benefit of both Buyer and Seller and further agrees to deliver to Seller a copy of said policy. In the event Buyer fails to furnish said insurance, Seller may at its option without demand or notice, and without any obligation to do so, insure said property in any manner and for any amount it desires and charge the premium therefore, to Buyer, payment of which, shall be secured by this instrument and shall be due upon demand. All proceeds (regardless of how realized) for any insurance, including dividends and returned premiums, are hereby assigned irrevocably by Buyer to Seller or its assigns first to be used to purchase new insurance if such be obtainable, then to liquidation of buyer’s indebtedness under this agreement, any excess to be returned to Buyer. Any insurance to be maintained by the purchaser as'provided herein may be obtained by the purchaser through an agent of his choice or through the seller or assignee of the contract.”
Against its own interest Defendant did not exercise its option to procure the collision insurance on default of Plaintiff. Plaintiff’s mortgage does not include any charge for such insurance, and Defendant did not obligate itself to procure it.
Since Defendant was not contractually obligated to procure collision insurance, although it had the option to do so upon failure of Plaintiff, Defendant cannot be held liable for any loss sustained by Plaintiff for lack of collision insurance.
Judgment affirmed; Plaintiff to pay all costs in both courts.
Judgment affirmed.